**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAKIYA GREEN,** **Plaintiff,** | : | **Civil Action No.** 26-7349 |
| **v.** | : | **Complaint and Jury Demand** |
| **JAKO ENTERPRISES, LLC d/b/a SNIPES USA,** **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Shakiya Green (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Jako Enterprises, LLC d/b/a Snipes USA (hereinafter "Defendant"), for violations of Section 1981 and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**<u>THE PARTIES</u>**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Bentonville, AR.
3. Upon information and belief, Jako Enterprises, LLC d/b/a Snipes USA is a clothing retailer with a location at 3329 Street Road, Bensalem, PA 19020 and corporate headquarters located at 2030 East Byberry Road, Philadelphia, PA 19116.
4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff was domiciled in this judicial district at the time that the events described herein occurred, the Defendant operates in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under the PHRA.
13. Plaintiff timely filed a Complaint of Discrimination ("Charge") with the Pennsylvania Human Relations Commission ("PHRC"), signed on September 18, 2023, alleging race discrimination against Defendant.
14. Plaintiff files the instant Complaint after more than one year has passed since filing her Charge with respect to her PHRA claims.
15. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
17. Plaintiff is African American.
18. On or about September 4, 2014, Kicks USA hired Plaintiff in the position of Corporate Visual Merchandising Manager.
19. Plaintiff was well qualified for her position and performed well.
20. In or around 2018, Defendant acquired Kicks USA and Plaintiff became an employee of Defendant as a result.

21. In or around 2022, Defendant promoted Plaintiff to the position of Senior Visual Merchandising Manager.

22. Plaintiff was well qualified for her position and performed well.

23. Importantly, Plaintiff was the only African American in the office at the time.

**PLAINTIFF WAS SUBJECTED TO DISPARATE TREATMENT BASED ON HER RACE**

24. Shortly afterwards, Nicole Johnson (Caucasian) became the Director of Store Operations.

25. Plaintiff noticed that Michael Miller (Caucasian), Senior Retail Operations Manager and Plaintiff's direct supervisor, and Johnson treated her differently than her non-African American coworkers.

26. Johnson and Miller nitpicked Plaintiff's work product, micromanaged her and spoke to her in a condescending tone during meetings in front of her coworkers.

27. In addition, Johnson and Miller blamed things on Plaintiff that were outside of her job duties and control.

28. Johnson and Miller did not treat Plaintiff's non-African American coworkers in a similar manner.

**MILLER ISSUED PLAINTIFF AN UNWARRANTED DISCIPLINE FOR AN INCIDENT THAT WAS NOT HER FAULT**

29. In or around late 2022, Miller issued Plaintiff a write up for an incident in which it was not Plaintiff's fault.

30. Plaintiff explained the situation to Miller and how it was not her fault.

31. However, Miller continued with the write up issued to Plaintiff.

**DEFENDANT ABRUPTLY CHANGED PLAINTIFF'S JOB DUTIES WITHOUT NOTICE**

32. Johnson and Miller abruptly changed Plaintiff's job duties without any notice for her to approve and adjust her assignments.

33. Plaintiff reasonably believed the abrupt change in her job duties was made to set her up for failure.

**MILLER ISSUED AN UNWARRANTED FINAL WARNING**

34. Approximately two (2) weeks after being issued the first discipline, Miller issued Plaintiff an unwarranted Final Warning for allegedly missing the budget on a project and for a mistake in a document.

35. Plaintiff was not responsible for the project's budget, and she had corrected the error on the document before it was submitted.

36. Plaintiff explained this to Miller.

37. However, Miller upheld the Final Warning.

38. Defendant did not similarly discipline Plaintiff's Caucasian coworkers who made similar and/or more egregious errors.

39. Plaintiff felt that Miller was discriminating against her due to her race, but she did not complain to Human Resources because she feared retaliation.

**DEFENDANT TERMINATED PLAINTIFF**

40. On June 13, 2023, Miller brought Plaintiff into the office and terminated her for alleged performance deficiencies.

41. The stated reason for Plaintiff's termination is pretext.

**PLAINTIFF ATTEMPTED TO APPEAL HER TERMINATION, BUT DEFENDANT UPHELD HER TERMINATION**

42. On June 14, 2023, Plaintiff sent an email to Kimberly Thomas (Caucasian), Chief People Officer, complaining about the race discrimination she was subjected to by Miller and Johnson and requested to appeal her termination.
43. However, Defendant did not reverse nor rescind its decision to terminate Plaintiff.
44. Defendant discriminated against Plaintiff due to her race in violation of Section 1981.
45. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**SECTION 1981**

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
47. Plaintiff is African-American.
48. Plaintiff was well qualified to perform the job for which she was hired.
49. Plaintiff suffered adverse job actions, including, but not limited to termination.
50. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.
51. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
52. Defendant discriminated against Plaintiff on the basis of race.
53. No legitimate, non-discriminatory reasons exist for the above cited adverse employment action that Plaintiff suffered.
54. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – RACE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

57. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Shakiya Green, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual

reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 23, 2026

**By:** ***/s/ David M. Koller***

David M. Koller, Esquire (Pa 90119)
Jordan D. Santo, Esquire (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*